## WILLIE INGLE *v*. THE STATE.

1. EVIDENCE—ADMISSIONS.—The evidence implicating accused was that of a witness who testified that another man told witness that he did not take the stolen animals, but that "the boys did," at the same time pointing to the accused and another. There was no evidence that accused heard the remark thus made to the witness. *Held,* that such evidence did not establish an implied admission of guilt by the accused, nor warrant a conviction.

2. "REASONABLE TIME."—The penalty for theft is mitigated when the property was voluntarily returned within a reasonable time and before prosecution. *Held,* that the evening of the day on which the property was stolen was "within a reasonable time." Pasc. Dig., Art. 2397.

APPEAL from the District Court of Atascosa. Tried below before the Hon. G. H. NOONAN.

The material facts are disclosed in the opinion of the court.

*Robertson & Herndon*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The appellant and another were jointly indicted in the district court of Atascosa county for the theft of six head of neat cattle. Appellant was tried alone at the September term, 1876, of that court, and was convicted, and his punishment fixed by the jury at two years' confinement in the state penitentiary.

A motion was made for a new trial on the following grounds: Because, 1st, the court erred in its charge to the jury; and, 2d, the verdict is contrary to law and the evidence.

We have carefully examined the charge of the court, in connection with the statement of facts, without discovering any error. The charge is substantially the law applicable to the case as made by the evidence. As to the other proposition—that the verdict is contrary to law and the evidence—we are of the opinion that the law was correctly stated in the 4th paragraph of the charge. By Article 359 of the Penal Code it is provided: "If property taken under such circumstances as to constitute theft be voluntarily returned within a reasonable time, and before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars." Pasc. Dig., Art. 2397.

The following extract from the statement of facts, it is believed, contains all the evidence tending in any degree to connect the accused with either the taking or the possession of the property alleged to have been stolen.

John Cook, a witness for the state, says: "I know the prisoner at the bar as Willie Ingle. On or about the first day of February, A. D. 1876, as I rode around my pasture fence, I found where the fence had been let down, and saw the tracks of cattle going out, and also the tracks of horses.

It had been raining the night before, and I trailed the cattle to the pen of Robert Ingle. I saw in his pen six head of neat cattle with the (here a representation is made of the brand) brand upon them; these cattle belong to W. J. Fountain, who had put them in my pasture. I saw Robert Ingle at his house, near the pen in which Fountain's cattle were, and asked him how they came there. He said he knew nothing about the cattle. After some conversation I rode off and left the cattle in the pen. Willie Ingle was not there (at the pen). After that, on the evening of the same day the cattle were stolen, I saw Willie Ingle, Manuel Ingle, and Martin Gamboa in charge of and with the same six head of neat cattle; they brought the cattle to my pasture again. Manuel Ingle said: 'I did not take the cattle, but the boys did'—pointing at the same time to Willie Ingle and Martin Gamboa. Manuel Ingle said he was sorry it had been done."

Three witnesses testified on behalf of the state. The defendant did not introduce any witness. There was proof of ownership and of want of consent to the taking; but there is nothing further as to the participation of the accused, Willie Ingle, either in the taking or connecting him with the possession of the property. And it will be further observed that the only testimony connecting the accused with the taking of the property is found in the above extract from the evidence of the witness, John Cook, in these words: "Manuel Ingle said he did not take the cattle, but the boys did—pointing at the same time to Willie Ingle and Martin Gamboa."

This is, to say the least of it, but slight evidence upon which to rest a verdict for a felony, or even a misdemeanor. The statement of Cook does not show that these words were spoken in the hearing of the accused, or whether he made any reply thereto or not.

An elementary writer of recognized ability says: "Admis-

sions may also be implied from the acquiescence of the party. But acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood, by the party, before any inference can be drawn from his passiveness or silence. The circumstances, too, must be, not only such as afforded him an opportunity to act or to speak, but such as would properly and naturally call for some action or reply from men similarly situated." 1 Greenl., sec. 197.

Does the statement made by Manuel Ingle to the state's witness, Cook—that he, Manuel Ingle, did not take the cattle, but the boys did, and pointed to Willie Ingle and Martin Gamboa—fix upon Willie Ingle and Martin Gamboa the taking of the cattle? Or was it such an admission on the part of the accused as fixed upon him a felonious participation in taking them?

We think not, unless the statement of Manuel Ingle to the witness had gone further, or it had otherwise been made to appear that the words spoken were uttered in the hearing of the accused, and that the gesture of pointing to Willie Ingle and the other person, and the words accompanying, were heard and seen by the accused; or, at least, that the parties were sufficiently near to each other as that these words and gestures must necessarily have attracted his attention, and that they were fully known and understood by him, and that he did not make any denial of the accusation, nor contradict the charge. The question is whether he made the admission, and not merely whether the fact is as he admitted it to be. 1 Greenl., sec. 191.

Whilst this evidence may possibly tend remotely to connect the accused with the taking or the possession of the cattle in question, it certainly connects him as clearly and

fully with the return of the property to the pasture of Cook, from which it appears to have been taken. The defense relied on, in part at least, was the return voluntarily of the stolen property.

The cattle having been returned on the evening of the day on which they were stolen, we deem to have been within a reasonable time to entitle him to the benefits arising from the return; and from the fact that it was made to appear from the evidence on the part of the state that the property was so returned, and nothing appearing in the record to the contrary, it is but reasonable to suppose that the return was voluntarily made, and before any prosecution therefor had been commenced. And, although it might have been made to appear that the cattle had been taken under circumstances amounting to theft, yet, if it is shown that they were voluntarily returned within a reasonable time, and before prosecution had been commenced—and we think the evidence tends strongly in this direction—he would, under the law, have been entitled to the milder punishment of a pecuniary fine, instead of being subjected to the severer and more ignominious punishment of confinement in the state penitentiary—not that he was free from guilt, but because the law entitled him to the commutation.

We are of the opinion that the evidence does not support the verdict, and that a new trial should have been granted; and, because of error in the court in refusing a new trial, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*